

**GEORGIA M. PESTANA**
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ELISSA B. JACOBS**
*Senior Counsel*
Tel.: (212) 356-3540
ejacobs@law.nyc.gov

September 30, 2021

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten annotation: 10/4/2021 Request granted. This case is hereby consolidated with all the cases arising out of the Bill de Blasio protests file in summer of 2020. For discovery purposes. Your judge Judy...]*

Re: Krystin Hernandez, et al. v. City of New York, et al. 21-CV-7406 (CM)(GWG)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the above-referenced matter on behalf of defendant City of New York. I write to respectfully request an enlargement of time, from today, September 30, 2021 until Monday, November 15, 2021, for defendants City of New York, Bill De Blasio, Terrence Monahan and Commissioner Shea to answer or otherwise respond to the complaint. This is defendants first request for an enlargement of time. Plaintiffs' counsel, do not consent to this request, for the reasons detailed below.

In the complaint, plaintiffs allege, *inter alia*, that they were legal observers on June 4, 2020, and they were falsely arrested and/or subjected to excessive force in violation of their constitutional rights.

Before this Office can adequately respond to the complaint, we will need to investigate the facts of the case. While there has been discovery related to these protests generally, this office still requires time to investigate the specific claims made by these plaintiffs. In particular, each of these plaintiffs allege that they interacted with members of the NYPD on June 4, 2020, but were not formally arrested. As plaintiffs point out, without arrest reports or summonses, these are the very types of claims that have proven more challenging to investigate and find officers who can speak to the individual claims. It is in part because of these difficulties that this Office is asking for an extension of time for their investigation. The requested extension of time may allow this Office to obtain the necessary documents to determine what defense is

appropriate for this case. Accordingly, this enlargement is required so that this Office can properly investigate the specific allegations of the complaint, and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, an extension of time for the officers to answer should allow this Office to resolve representation issues as to all of the named Defendant officers. A decision concerning this Office's representation of all the named defendant correction officers has not yet been made. Accordingly, this request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of a correction officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all of the named defendant officers. Assuming proper service has been effectuated, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent these officers. Subsequently, these officers must then decide whether he or she wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If the officer chooses to be represented by this Office, we must obtain the officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case. This extension should allow this Office time to complete the process and respond on behalf of these officers.

To the extent plaintiffs are requesting the Court Order this office to identify any John Doe defendants within a specific time period, defendants object to that request. The very history borne out in these cases demonstrates the difficulty defendants often face in identifying a plaintiff among hundreds of hours of video, without any documentation to indicate what officer may have momentarily interacted with each plaintiff. Defendants also note that counsel in this case, who are also counsel in the consolidated cases, are in a better position to review the video provided and identify their own clients and the officers with whom they interacted. Defendants will certainly comply with their obligations to fulfil their obligations under Fed. R. Civ. Proc. 26(a), and will identify any individuals with knowledge of these incidents.

Plaintiffs' Position:

Plaintffs in this case are 12 lawyers, legal workers, and law students who were acting as volunteer Legal Observers with the National Lawyers Guild – NYC Chapter during a Black Lives Matter protest on June 4, 2020 when they were targeted for arrest and subsequently assaulted and arrested by NYPD members.

When defense counsel recently asked Plaintiffs' counsel for consent to an extension of time within which to answer the complaint, Plaintiffs' counsel responded that Plaintiffs would consent if Defendants would identify and provide service addresses for the Doe Defendants named in the complaint who physically assaulted and detained each Plaintiff, or authorized their detentions, within the same time period. Defendants would not consent. Plaintiffs and counsel are under obligations to identify and serve the Doe Defendants who put their hands on and physically detained each Plaintiff, or authorized their detentions, in a timely manner, so that they are on notice of the claims against them as soon as possible, particularly as to the claims arising

under New York law and statutes of limitations. Plaintiffs' counsel take this Court's September 24 Order in *Gray, et al. v. City of NY, et al.,* 21-CV-6610, ECF 19, as a sign that the Court may direct the parties to conduct some discovery related to the Legal Observer Plaintiffs' experiences and claims, on the same schedule as the other related cases in which discovery is proceeding.

To explain the purported need for the extension, Defendants have cited only the need to investigate the Legal Observer Plaintiffs' claims. But Defendants City and NYPD, as well as defense counsel in this case, have, or should have, investigated those claims already. As detailed in the Complaint, many of the individual Defendants have known about the Legal Observer Plaintiffs' arrests since June of 2020, and they were explored in various pre-litigation investigations by the City, including Civilian Complaint Review Board investigations in connection with which Plaintiffs gave detailed statements, the Law Department's own report related to the protests, and each Plaintiff's sworn testimony in pre-litigation hearings. And, critically, the Legal Observers' experiences are discussed in, and are part of the proof related to, the pleadings in many of the consolidated actions, including, but not limited to *People*, ¶¶ 262-297; *Wood*, ¶123; *Payne*, ¶¶ 62, 65; *Sierra*, ¶ 71; *Sow*, ¶¶ 91, 109, 122. In those cases, answers have been filed, motions to dismiss have been decided, and discovery is ongoing – yet Defendants have failed to identify *any* of the NYPD members who were personally involved in or witnesses to the Legal Observer Plaintiffs' assaults and detentions, or provided any related records.

Against that backdrop, Plaintiffs oppose Defendants' unconditional request for a 45-day extension of time to answer. If the Court grants Defendants' request, Plaintiffs ask that the Court order Defendants to identify the Doe Defendants who put their hands on and physically detained each Plaintiff, or authorized their detentions, within that same 45 days. Finally, Plaintiffs ask that the Court schedule a conference, as it is in *Gray*, to discuss the nature, extent, and timing of discovery related to the Legal Observer Plaintiffs' claims.

Conclusion:

In view of the foregoing, defendants respectfully requests an enlargement of time until November 15 2021, to answer or otherwise respond to the complaint, while plaintiffs oppose this request for the reasons stated above.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Elissa B. Jacobs
Senior Counsel
Special Federal Litigation Division

cc: All Counsel (By ECF)

4